People of the State of Illinois, Plaintiff-Appellee, v. Bobby Lee Beckham, Defendant-Appellant.
People of the State of Illinois, Plaintiff-Appellee, v. Bobby Lee Beckham, Defendant-Appellant.

Gen. Nos. 49,782, 50,543.

First District, Third Division.

April 28, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty and Frederick F. Cohn, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. Roger Horsky, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from two judgments of guilty, one by the court in a trial without a jury and one on a finding of guilty after a jury trial. The parties hereto have in their briefs included both cases under the mistaken assumption that these cases had been consolidated in this

court. We find no record in this court of a consolidation of these cases, nor would a consolidation order have been proper in these cases. We will consider each of these cases in this opinion.

The defendant contends that the State failed to prove the defendant guilty beyond a reasonable doubt as to either of the indictments.

The facts adduced at the trial will be set out separately as to each indictment.

## Indictment No. 63–2848

This case was tried before the court on December 2, 1963, a jury having been waived. The evidence showed that at 10:15 a. m. on October 11, 1963, Michael Latizio was making deliveries at 1601 South Kedzie, Chicago. As he was returning to his truck he saw a group of men on the street harassing another delivery man. Michael Latizio entered his truck and someone entered and grabbed him from behind. It is argued by the defense in this case that he was not able to identify the defendant except from having seen him with other men on the street, and that he saw these men for only five seconds. The record does not bear out this statement by the defense. The record indicates that as Latizio was returning to his truck he saw the defendant with several other persons harassing another truck driver and at that time he observed them for only five or six seconds. However, Latizio testified as follows: "I recognized his voice, sir. He was drinking. You couldn't miss him. I couldn't miss him out of a hundred people." Latizio also testified, when asked whether he had seen the defendant's face clearly, that "When I walked by, I did" and that "I knew his face." He was asked if he had seen the defendant again after seeing him with a group of four or five men in the street, and his answer was, "I saw him when he held me up" and "I could see him from a side view." Again the

359

witness testified, "I identified him because I saw him when I walked across the street. Then I saw him at a side view, when he held me up." The testimony of the complaining witness was unshaken on cross-examination.

In defendant's statement of facts in his brief he states that Latizio did not know if the assailant wore glasses. The record shows that Latizio testified that the defendant did not have glasses. The evidence showed that the man who robbed Latizio put a knife to his neck and demanded his money. The robber thereafter fled with $21.34.

Police Officer John Cioe arrested the defendant on October 11, 1963, and found a knife in his pocket. The arrest took place at 1533 South Sawyer. The police officer had been alerted to look for a man with bushy hair, which the defendant had. The officer testified that he arrested the defendant at 11:15 a. m. on October 11, 1963, and that he had in his possession $30.33 and a knife.

The defendant testified that he was employed as a janitor at 3140 West 15th Street, and that during the early morning hours of October 11, he was playing craps. He had won some money and had left the game about 8:30 a. m. to do his janitorial work. He then went to Dobie's Den, a tavern. When he left there he walked around the neighborhood as he did every day. The defendant denied that he robbed Michael Latizio. The defendant in the statement of facts in his brief failed to note that he testified that he was arrested about 11:00 or 11:15 a. m. on October 11, 1963.

Indictment No. 63–2849

This case was tried before a jury on January 28, 1964.

On October 11, 1963, Grace Austin opened up a fish store located at 3206 West 16th at about 9:00 or 9:30 in the morning. At 9:40 a. m. a person entered the store and asked for some salmon. After about a minute, the person who entered jumped over the counter with his

hand in his pocket and said it was a stickup. He took her money with one hand while the other remained in his pocket. Grace Austin, the complaining witness, did not see a weapon, and the assailant fled taking $50. Grace Austin positively identified the defendant as the person who entered her store and had asked for two pounds of jacks. While she was weighing the fish the defendant leaped over the counter and announced that it was a stickup. During the greater portion of this period, which lasted four or five minutes, the victim was facing the defendant in a well-lighted store at distances ranging from four to nine feet.

Police Officer Cioe, who had testified in the first indictment against the same defendant, No. 63–2848, that he had arrested the defendant at 11:15 a. m., testified in this second case involving indictment No. 63–2849, that he arrested the defendant at 10:00 a. m. (Obviously an error, because both the defendant and the police officer were in accord as to the time of arrest in the first trial.) The defendant denied being the assailant in this trial as well.

The argument of the defendant in many instances is not based upon facts appearing in the record, and this court will ignore that part of the argument. The defendant also has failed to make mention in his brief that in this second trial the defendant testified on cross-examination that he left Dobby's Den, a tavern, about 10:45 a. m. on October 11, 1963, the date of the robberies. (Dobby's Den is spelled in this manner in the record in the trial of the defendant on indictment No. 63–2849, and is spelled Dobie's Den in the record of the trial of the defendant on indictment No. 63–2848. Both of these spellings apply to the tavern located at 1436 South Kedzie, Chicago, Illinois.)

The defendant, hoping to point out discrepancies between the testimony in the two cases, which would cast a doubt as to the defendant being the assailant, moved

361

to consolidate the two cases for the purpose of appeal, but the court record here does not show that the motion was allowed. The defendant argues that the complaining witness in the first indictment did not have an ample opportunity to observe his assailant, and that he observed him in a group of men for only five seconds. Hence, Michael Latizio's identification was based upon a five second view of a group of men standing on the street. This can be argued only because the defendant has failed to set forth facts appearing in the record. The facts demonstrate that Latizio saw the defendant for five or six seconds in a group of four or five men who were harassing another delivery man and recognized him because of his bushy hair. He also testified that he saw him from a side view while he was being held up. The identificaton by Latizio was positive, and on cross-examination he testified that he recognized him not only from his face but from his voice. He also stated that the defendant had been drinking and that he couldn't miss him out of one hundred people. Therefore, the argument by the defendant that Latizio's identification is based upon a five second view of a group of men standing on the street is wholly unwarranted.

The defendant also raises the point that since there was $50 taken from Grace Austin and $21.34 taken from Latizio, that the defendant could not have been the assailant in both cases, because when he was arrested he had in his possession only $30.33. This argument is not persuasive in view of the fact of the positive identification by both prosecuting witnesses, and the fact that there was a lapse of time between the robberies and the arrest. In the trial of the second indictment, Grace Austin testified that the defendant had entered her store at 9:40 a. m. on October 11, 1963, and that the assailant was in police custody in her store thirty-five minutes later, the gist of the defendant's argument being that had he been

in the custody of the police at about 10:00 o'clock on October 11 he could not have been guilty of robbing Latizio at 10:15 a. m. on the same day. If those were the facts, the argument would be sound; however, the defendant, himself admitted in the trial of the case by the court on indictment No. 63–2848 that he was arrested by the police officer about 11:00 or 11:15 a. m. on October 11, 1963. In the second trial before a jury on indictment No. 63–2849 he testified that he left Dobby's Den, a tavern, at 10:45 a. m. on October 11, 1963, the date of the robberies, and after walking around the neighborhood a while was arrested. Since there was only one arrest of the defendant, and since it was after he contends he left Dobby's Den, his testimony tends to support the testimony of Officer Cioe in the first trial to the effect that the defendant was arrested at 11:15 a. m. It also tends to support the defendant's own testimony in the first trial that he was arrested at about 11:00 or 11:15 a. m. on October 11, 1963. The argument of the defendant based upon what was obviously an error by the police officer in the second trial to the effect that the arrest had been made at 10:00 a. m. on October 11, 1963, and by the complaining witness that the defendant was in police custody about thirty-five minutes after the burglary at 9:40, cannot be taken advantage of in this proceeding due to defendant's own testimony that he had been arrested at 11:00 or 11:15 a. m. on that date in the first trial, and that he left Dobby's Den at 10:45 a. m. in the second trial after which he was arrested.

■ In People v. Clay, 27 Ill2d 27, 187 NE2d 719 (cert denied 374 US 844), at page 32 the court said, in commenting on variances in the testimony of a police officer on different occasions:

"Minor discrepancies in testimony taken at two different times is not unusual. (People v. Thomas, 20 Ill2d 603.) The discrepancies shown by this record

do not destroy the credibility of officer Harvey but go only to the weight to be given his testimony."

It might be added at this point that Officer Cioe was not cross-examined by the defendant as to any discrepancy in the time of arrest. There is no question but what the testimony as to the time of arrest was admissible, and the question of credibility of the witnesses and the weight to be given their testimony are for the jury to decide, or for the trial court where a jury has been waived. People v. Johnson, 47 Ill App2d 441, 198 NE2d 173; People v. Clark, 30 Ill2d 216, 195 NE2d 631; People v. Miller, 30 Ill2d 110, 195 NE2d 694; People v. McCain, 29 Ill2d 132, 193 NE2d 784.

The testimony of one witness alone, if positive and credible, is sufficient to support a conviction. People v. Miller, 30 Ill2d 110, 195 NE2d 694.

Furthermore, the record should also show that the questions urged in the reviewing court were presented properly to the trial court and rulings obtained thereon. ILP Criminal Law, Sec 882.

No point was raised by the defendant in the trial court about the time of arrest in either case, and the defendant here seeks to take evidence from one record in an effort to create a doubt as to his guilt of another crime for which he was tried separately. This he cannot do by the simple process of seeking a consolidation of two cases tried separately.

In each of the cases involved herein there was positive identification by credible witnesses. The defendant was in the area at the time of the robberies. The defendant attempted to explain his presence in the area, but his explanation does not now impress this court, and apparently, did not impress the trial judge in the first case or the jury in the second case.

The requirement that the defendant's guilt be proved beyond a reasonable doubt does not mean that the trial judge or the jury, as the case may be, must dis-

364

regard the inferences that naturally flow from evidence. The trier of fact is not required to search out a series of potential explanations compatible with innocence and elevate them to the status of a reasonable doubt. People v. Owens, 23 Ill2d 534, 179 NE2d 630.

█ We conclude that since there was positive identification of the defendant in each of the trials, and that the time of arrest having been accurately proven by the defendant himself, the minor error in the testimony of the police officer and the complaining witness in the second trial as to the exact time of arrest does not create in the minds of this court, where the point has been urged for the first time, a reasonable doubt as to the guilt of the defendant. The judgments, therefore, must be affirmed.

Judgments affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.