(No. 41507.—

The People of the State of Illinois, Appellee, *vs.* Clarence Mayfield, Appellant.

*Opinion filed March 27, 1969.—Rehearing denied May 27, 1969.*

Ward, J., took no part.

Howard T. Savage, of Chicago, for appellant.

William G. Clark, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane, and James R. Kavanaugh, Assistant State's Attorneys of counsel,) for the People.

Mr. Justice Kluczynski delivered the opinion of the court:

On June 11, 1964, petitioner, Clarence Mayfield, was found guilty by a jury in the circuit court of Cook County of unlawful possession of narcotic drugs. Subsequently, the Appellate Court, First District, affirmed the conviction (69 Ill. App. 2d 388). Assisted by retained counsel, he then filed a petition pursuant to the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 et seq.) The State filed a motion to dismiss, which was granted. We are now asked to reverse the order dismissing Mayfield's petition and

order the circuit court to hold an evidentiary hearing on the allegations made therein.

In his brief, Mayfield claims that three issues which touch upon and concern substantial constitutional rights were raised in his post-conviction petition. He argues further that an evidentiary hearing would establish the truth of his allegations and that his conviction would be thereby vitiated. The three points which he has raised are as follows: First, he claims that he was denied the right to be represented in the trial by counsel of his own choice. Second, he contends that the certified record in this cause does not contain a verdict signed by the jurors before whom the cause was tried and that the absence of a signed verdict renders his incarceration a violation of constitutional due process. Third, he argues that the complaints for search warrants had been signed by a person using a fictitious name or by a fictitious person, and that seizures made pursuant to such warrants were violative of his constitutional rights.

The pleadings and record in the post-trial proceedings disclose that retained counsel appeared for petitioner at his arraignment on December 9, 1963. On February 17, 1964, leave was granted for the substitution of another retained attorney for him. His new counsel obtained three continuances, and on June 2, 1964, filed a motion to quash, attacking the indictment, the basis for the search warrants, and the validity of the search and seizure of the evidence against him. The motion was denied on June 8, 1964, and the case put on the trial call for June 9 when the following colloquy took place:

"MR. SMITH: If your Honor please, I have a problem, your Honor, with my client. He has advised me that he no longer wishes my services in this matter.

THE COURT: Well, now I don't know. I am not going to permit that at this time. We have been sitting here all morning. We have been waiting here all morning, and we are not going to permit that.

THE DEFENDANT: Judge, your Honor, could I have ten minutes to call?

THE COURT: I will give you a few more minutes and then we will proceed."

Thereupon a recess was taken, after which the case was again called and the parties proceeded to the selection of a jury and to trial. No further question was ever raised at the trial as to counsel of petitioner's choice, nor was any particular need for change of counsel given. He was represented throughout the trial by the same attorney. *Cf. People* v. *Washington,* 41 Ill.2d 16.

The jury returned a guilty verdict which was delivered by the foreman to the clerk of the court who read it aloud in the presence of the jurors, the trial judge, the defendant, the prosecutor and defense counsel. At that point the judge asked defense counsel if he wished to poll the jury and he declined. Thereupon the court conducted an extended allocution with the defendant personally, and with his attorney. After imposing sentence, the trial judge advised the defendant of his rights, including his right to take an appeal, and offered to appoint counsel if he could not afford to retain an attorney. Defendant personally responded to the court and refused the offer of appointed counsel stating that he would have a lawyer for the appeal. The same attorney who represented defendant at the arraignment and until the substitution of attorneys on February 17, 1964, appeared again for him and prosecuted his appeal.

On appeal, no question as to the denial of counsel of defendant's choice was ever raised. Nor did a question arise as to the competence of counsel at trial. Furthermore, the direct appeal from the verdict and the judgment rendered thereon never questioned the form of the verdict itself. There was no suggestion that signatures had been omitted from that verdict nor that the verdict, if oral, was insufficient. *Cf. Griffin* v. *Larned,* 111 Ill. 432.

In his direct appeal, defendant argued that the circum-

stances showed that the search warrants had been fraudulently procured. On that issue, the appellate court found as follows: "The appellant knew the identity of the informer and was able to call him as a witness. The People were under no obligation to produce this informer." *People* v. *Mayfield*, 69 Ill. App. 2d 388, abstract only, Docket No. 50194, p. 3 of opinion.

After reviewing the record and considering the arguments raised by the petitioner, we find that the doctrines of *res judicata* and waiver must be applied. The issues presented fall into two separate categories. The first includes the issues actually presented to the appellate court and the findings made there. The second includes issues which were not raised on appeal but which could or should have been raised.

Petitioner's current argument as to a fictitious signature on the complaints for search warrants, in our opinion, is based on the same issues raised and argued in the appellate court. The findings of that court quoted above are conclusive of the issue now raised, which issue is barred by the doctrine of *res judicata* and may not now be presented. *People* v. *Kamsler*, 39 Ill.2d 73; *People* v. *Thompson*, 392 Ill. 589.

As to the remaining issues, in view of the many opportunities afforded petitioner to raise a question as to any possible deprivation of counsel of his own choosing, and as to the proper form of the jury verdict, during the course of the trial and the appeal, we hold that he has waived any such claims by his failure to assert them and is now barred from raising them in his post-conviction petition. *People* v. *Armes*, 37 Ill.2d 458; *People* v. *Ashley*, 34 Ill.2d 402; *Ciucci* v. *People*, 21 Ill.2d 81.

The order of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. Justice WARD took no part in the consideration or decision of this case.