UNITED STATES of America ex rel.
Clarence MAYFIELD, Petitioner,

v.

Frank J. PATE, Warden, Respondent.

No. 69 C 1328.

United States District Court
N. D. Illinois, E. D.

Oct. 21, 1969.

Clarence Mayfield pro se.

William J. Scott, Springfield, Ill., for Frank J. Pate.

## MEMORANDUM OPINION

WILL, District Judge.

Petitioner is presently incarcerated in the Illinois State Penitentiary following

a conviction in the Circuit Court of Cook County for the offense of unlawful possession of narcotic drugs. He was found guilty by a jury and sentenced to not less than five nor more than ten years.

Petitioner appealed his conviction to the Illinois Appellate Court and that Court affirmed. People v. Mayfield, 69 Ill.App.2d 388, 217 N.E.2d 100 (Abstract Decision, 1966). Subsequently he filed a petition pursuant to the Illinois Post-Conviction Hearing Act. Ill.Rev.Stat., ch. 38, section 122–1 et seq. (1967). The State then filed a motion to dismiss and it was granted. Among the issues raised by petitioner therein was the claim that the search warrants had been improperly executed and that the warrants as issued violated petitioner's constitutional rights. Petitioner appealed this dismissal. The Illinois Supreme Court affirmed the order of the Circuit Court of Cook County. People v. Mayfield, 42 Ill.2d 318, 247 N.E.2d 415 (1969).

Petitioner requests this Court to review his incarceration and to grant his petition for habeas corpus pursuant to 28 U.S.C. § 2241 et seq. Finding that petitioner had exhausted his state remedies on the assertion of unlawful search and seizure, this Court ordered respondent Frank J. Pate, Warden, by his attorney, William J. Scott, to answer a rule to show cause why a writ of habeas corpus should not issue.

Respondent contends and the Court agrees that the thrust of petitioner's argument is that the search warrants sworn to and executed by the informant were "secured under a fictitious name." See, People v. Mayfield, 42 Ill.2d 318, 247 N.E.2d 415 (1969). Petitioner relies upon the decision of the Seventh Circuit Court of Appeals in United States ex rel. Pugh v. Pate, 401 F.2d 6 (1968). Pugh held that fictitious signatures on an affidavit for a search warrant rendered that warrant void. It is the State's position that, since petitioner has not stated any of the facts surrounding the alleged fictitious name, it is unable to comprehend the exact nature of the allegation.

Without examining the merits of the State's position, this Court is of the opinion that, even if the Pugh case was precisely on point, petitioner still could not prevail because that holding is without retroactive application. Petitioner's trial was concluded in June, 1964. The Pugh decision was rendered by the Seventh Circuit on July 1, 1968. Therefore, unless that decision is to be retroactively applied, no constitutional question here exists.

This question has been previously considered by a member of this Court in United States of America ex rel. William Smith v. Pate, 305 F.Supp. 225. There, on February 26, 1969, Judge Robson dismissed a habeas corpus petition with a written memorandum opinion.

He held:

The Pugh decision is directed at police procedure in procuring search warrants and does not affect "the very integrity of the fact finding process," nor does it avert "the clear danger of convicting the innocent." Therefore, the Pugh doctrine should not be retroactively applied. The petitioner's constitutional rights were not violated under the Illinois decisions applicable prior to Pugh. See People v. Mack, 12 Ill.2d 151, 145 N.E.2d 609 (1957, Memo. Opin. pp. 4, 5).

We agree with Judge Robson's conclusions.

In Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), the Supreme Court laid down, what at this point, are the controlling criteria with respect to retroactivity. There the Court held that a constitutional doctrine or legal rationale was to be retroactively applied when:

The rule affected "the very integrity of the fact finding process" and

"averted the clear danger of convicting the innocent." (*supra* at 727, 86 S.Ct. at 1778)

Based on these criteria, various Supreme Court rulings on constitutional rights have or have not been held retroactive. The *Mapp* rule, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933 (1961), which excluded evidence obtained via an unreasonable search and seizure was denied retroactive application in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), on the ground that the purpose of the exclusionary rule enunciated in *Mapp* was to guard against prospective unreasonable searches and seizures. On the other hand, denials of constitutional rights relating to the actual integrity of the trial have been held to be retroactive. For example, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963), where an indigent was required to be furnished counsel at trial; Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964), which held that an involuntary confession had to be excluded from the trial in a hearing outside the presence of the jury. These latter instances of constitutional deprivation were held retroactive because otherwise the fact finding process would be fundamentally unfair.

In the *Johnson* case, *supra,* 384 U.S. at 728, 86 S.Ct. 1772, the Court stressed that a choice between retroactivity and non-retroactivity is not to be predicated upon the value of the constitutional guarantee involved. The position then is that a constitutional guarantee is neither disparaged nor compromised in any manner whatsoever when a court refuses to apply it retroactively. In this regard, it is necessary to reiterate that the standards set for determining retroactivity run to the legal processes rather than to the right involved.

In the instant case, petitioner Mayfield relies upon a decision which did not run to the very integrity of the fact finding process. *Pugh* suggests that the constitutional requirement of an oath or affirmation would be eroded if fictitious oaths were permitted. It was held in that case that the statutory mandate that the affiant's name should be stated could not be fulfilled by a false name and in future warrants obtained by use of fictitious names will be invalid. The use of incriminating evidence obtained on such a warrant in a trial prior to *Pugh,* however, neither affects the integrity of the fact finding process nor risks conviction of the innocent.

Whether or not any constitutional rule of criminal procedure improves or detracts from the acquisition of facts is necessarily a matter of degree. Probabilities are involved as are considerations of the extent to which other safeguards are available to insure the integrity of the truth seeking process. Warrant procedures, although historically imperfect, have always been subject to scrutiny. The fact that an affiant has signed a fictitious name cannot run, in the historical context of the fourth amendment, to the basic question of whether or not probable cause existed. Therefore, application of the doctrine of retroactivity is inappropriate here.

Petitioner's petition for a writ of habeas corpus must be denied. This Court affirms the position taken in the *Smith* case, *supra,* and reaffirms the principle that only in those instances where the very essence of the truth seeking process is endangered, or there is a clear danger of convicting the innocent, should a new holding be retroactively applied.

Accordingly, an appropriate order will enter.