(No. 41586.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LYDELL WALES, Appellant.

*Opinion filed September 22, 1970.*

WARD, J., took no part.

DONALD M. THOMPSON, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JOSEPH ROMANO, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant Lydell Wales (a/k/a Walls) was convicted of rape in 1962, and sentenced to a term of 15 to 25 years; his conviction was affirmed on appeal. (33 Ill.2d 394.) In 1968, defendant filed a *pro se* petition in *forma pauperis* under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*), and the public defender was appointed to represent defendant in the post-conviction proceedings. Following a hearing in the circuit court of Cook County, that petition was dismissed on the State's motion. Defendant now appeals the denial of his motion to vacate the dismissal.

That motion alleged that the public defender did not adequately represent defendant in the post-conviction proceedings. His motion to vacate states that, in March of 1968, the public defender informed him by letter of the appointment; that defendant subsequently wrote three letters to the public defender inquiring about the status of the case; and that the only reply was a letter in June notifying him that the petition had been dismissed. The record reveals that defendant's *pro se* petition was never amended, and the State does not deny that the public defender neither inquired of defendant nor consulted with him in person or by mail regarding possible grounds for relief prior to the hearing on the petition.

In *People v. Slaughter,* 39 Ill.2d 278, decided prior to the dismissal of defendant's *pro se* petition, we made it clear that adequate representation by appointed counsel under the Post-Conviction Hearing Act requires that counsel consult with the defendant regarding the basis of his contentions, and amend the petition as necessary to shape it into appropriate form. Yet the State contends that, where a *pro se* petition fails to state sufficient grounds for relief, it should be deemed adequate representation for appointed counsel to

simply appear at the hearing and repeat the insufficient arguments. The State apparently still misapprehends the basis of our decision in *People* v. *Slaughter,* although it has been reiterated on numerous occasions. We recently answered the State's present contention in *People* v. *Jones,* 43 Ill.2d 160, 162: "We have held it to be error to dismiss a post-conviction petition on the pleadings, as occurred here, where there has been inadequate representation by counsel, though the *pro se* petition itself fails to present a substantial constitutional claim. *People* v. *Tyner,* 40 Ill.2d 1; see, *People* v. *Wilson,* 40 Ill.2d 378, 382; see also *People* v. *Ford,* 40 Ill.2d 440; *People* v. *Barnes,* 40 Ill.2d 383."

The dismissal of defendant's petition occurred prior to January 1, 1970, and therefore the case is not governed by our amended Rule 651(c) (43 Ill.2d R. 651(c)) which requires that the record of post-conviction proceedings affirmatively show that appointed counsel has consulted with petitioner, examined the trial proceedings, and made any necessary amendment to the *pro se* petition. Nevertheless, where a petitioner appealing from dismissal of his un-amended *pro se* petition asserts that his appointed counsel never conferred with him, and the record fails to refute this contention, we will conclude that the petitioner has been denied the right to effective counsel. *People* v. *Garrison,* 43 Ill.2d 121, 123-24.

The judgment of the circuit court of Cook County is accordingly reversed. The cause is remanded for the appointment of counsel other than the public defender, and for further proceedings consistent with this opinion.

*Reversed and remanded, with directions.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.