(No. 42140.—

The People of the State of Illinois, Appellee, *vs.* Bobby Lee Beckham, Appellant.

*Opinion filed November 17, 1970.*

Ward, J., took no part.

MICHAEL DUNCAN, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE, and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Bobby Lee Beckham, was charged in two indictments with two separate robberies committed on the same morning. He was convicted of both in the circuit court of Cook County after a bench trial on the first and a jury on the second. Sentences for concurrent terms of 12 to 18 years and 10 to 15 years, respectively, were imposed. These judgments were affirmed by the appellate court (71 Ill. App. 2d 357), and we denied leave to appeal. 34 Ill.2d 629.

The case is now before us by appeal from an order of the circuit court of Cook County dismissing, without an evidentiary hearing, Beckham's amended petition filed under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1967, ch. 38, pars. 122—1 et seq.) Defendant's petition relates to both cases, and we consider both in this opinion.

It is contended that defendant's constitutional rights have been violated in that: (1) the manner of his identification was so unnecessarily and unduly suggestive as to deprive him of due process of law, (2) the introduction into evidence in both cases of the same money found in defendant's possession by arresting officers constituted double jeopardy and a violation of due process, and (3) his court-appointed counsel was so incompetent as to deny his constitutional right to counsel.

As to defendant's first two contentions, this court has consistently held that "where a person convicted of a crime has taken an appeal from the judgment of conviction on a complete record, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the court and all issues which could have been presented to the reviewing court, if not presented, are waived." (*People* v. *Kamsler,* 39 Ill.2d 73, 74; *People* v. *Armes,* 37 Ill.2d 457; *People* v. *Agnello,* 35 Ill.2d 611; *People* v. *Cox,* 34 Ill.2d 66.) Defendant, relying on *People* v. *Hamby,* 32 Ill.2d 291, 294, seeks to avoid the waiver doctrine by requesting a relaxation of that rule in the interests of fundamental fairness. The factual situation in *Hamby* which prompted us not to apply the waiver doctrine is totally inapposite to that here where there was neither trial nor appellate objection by defendant or his counsel to the identification testimony. The question is not now open to the post-conviction attack, nor is the concept of fundamental fairness offended by this result. (*People* v. *Hill,* 44 Ill.2d 299, 302; *People* v. *Agnello,* 35 Ill.2d 611, 613.) Likewise, questions relating to use of the money in both trials were complained of in the initial review. While the current complaint is phrased in double-jeopardy and due-process terms, the same arguments were available in the direct appeal, and are now barred by waiver and *res judicata. People* v. *Cox,* 34 Ill.2d 66, 69.

Defendant finally contends that he was not accorded due process because he was denied the assistance of competent trial and appellate counsel. "The question of competency of counsel is one of fact and cannot be based solely on assertions." (*People* v. *Gray,* 33 Ill.2d 349, 355.) The only specific instances of trial counsel's incompetency alleged are that counsel failed to object to testimony concerning the eyewitness identifications of defendant and that certain other evidence was introduced by stipulation. It is well settled that "To warrant a reversal because of incompetency of counsel, the record must clearly establish not only that coun-

sel performed his trial duties in an incompetent manner, but also that defendant was substantially prejudiced thereby. (*People* v. *Morris,* 3 Ill.2d 437.)" (*People* v. *Robinson,* 21 Ill.2d 30, 36.) The fact that court-appointed counsel stipulated to part of the prosecution's case does not demonstrate incompetency. (*People* v. *Dean,* 31 Ill.2d 214; *People* v. *Hare,* 25 Ill.2d 321.) An examination of the records in both cases clearly shows that the public defender conducted a vigorous and competent defense and that the alleged errors are, at most, errors in strategy which cannot be said to have resulted in substantial prejudice.

Defendant also contends that his court-appointed appellate counsel was incompetent in that the public defender proceeded on the mistaken assumption that the two cases had been consolidated for appeal and that serious error resulted. We cannot agree. The appellate court considered each case fully in its opinion and neither the indications of incompetency nor substantial prejudice required by *Morris* are present. *People* v. *Morris,* 3 Ill.2d 437, 449.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.