(No. 42684.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JOSEPH JOHNSON, Appellant.

*Opinion filed March 16, 1971.*

JOSEPH JOHNSON, *pro se.*

WILLIAM J. SCOTT, Attorney General, of Springfield,
and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General,
ROBERT A. NOVELLE, Assistant State's Attorney, and
NICHOLAS A. DE JOHN (Senior Law Student), of counsel,)
for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion
of the court:

Following a jury trial in the circuit court of Cook
County, defendant Joseph Johnson was convicted of burglary (Ill. Rev. Stat. 1967, ch. 38, par. 19—1) and possession of burglary tools (Ill. Rev. Stat. 1967, ch. 38, par. 19—2). He was sentenced to imprisonment for concurrent terms
of 10 to 25 years and one to two years respectively. The
judgment was affirmed by the appellate court (88 Ill. App. 2d
265). Defendant's subsequent *pro se* petition filed under the
Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38,
par. 122—1 *et seq.*) was dismissed without an evidentiary
hearing. That dismissal was reversed by order of this court

which remanded for further post-conviction proceedings in accordance with *People* v. *Slaughter,* 39 Ill.2d 278. An amended post-conviction petition was thereafter filed by defendant's newly appointed counsel, and the circuit court again granted the State's motion to dismiss without an evidentiary hearing. Defendant now appeals from that judgment.

A careful review of both the defendant's *pro se* petition and the amended petition reveals that the bulk of the numerous allegations presented therein have been waived or are *res judicata* by reason of the reviewing court's prior judgment on direct appeal. (*People* v. *Beckham,* 46 Ill.2d 569; *People* v. *Kamsler,* 39 Ill.2d 73; *People* v. *Armes,* 37 Ill.2d 457.) In addition, many of defendant's allegations either fail to raise constitutional questions within the purview of the Post-Conviction Hearing Act or fail to make a substantial showing that constitutional rights have been violated. Defendant's conclusory allegations that the testimony of every witness for the State, including three police officers, was perjured are not factually supported in his petition or by accompanying affidavit and are insufficient to require a post-conviction hearing. *People* v. *Gendron,* 41 Ill.2d 518; *People* v. *Ashley,* 34 Ill.2d 402.

The single allegation of the amended petition simply restates defendant's *pro se* contention that the trial court improperly admitted into evidence certain items which had been obtained from his person and automobile in violation of his constitutional rights. The failure of defendant's private counsel to raise this question in the original trial or upon direct review waives post-conviction attack (*People* v. *Armes,* 37 Ill.2d 457; *People* v. *Agnello,* 35 Ill.2d 611), unless relaxation of the waiver rule is required by concepts of fundamental fairness. (*People* v. *Hamby,* 32 Ill.2d 291.) The circumstances here do not prescribe such relaxation.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*