(No. 42979.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JOSEPH McDONALD WARD, Appellant.

*Opinion filed April 1, 1971.*

FRANK R. HUDAK, of Collinsville, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROLAND GRIFFITH, State's Attorney, of Edwardsville, (FRED G. LEACH and THOMAS J. IMMEL, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

After a jury trial in the circuit court of Madison County, the defendant, Joseph McDonald Ward, was found guilty of murdering his wife, and sentenced to imprisonment for a term of not less than 14 nor more than 18 years. Upon an appeal to this court, he complained of testimony at the trial concerning certain photographic exhibits of the deceased which were not admitted into evidence; that the court erred in the admission of two written statements made by him to investigating officers; that his counsel was incompetent; and that he was denied trial by an impartial jury for the reason that one of the jurors in the panel was a special deputy sheriff. The judgment of conviction was affirmed by this court. *People* v. *Ward,* 32 Ill.2d 253.

On November 7, 1966, the defendant filed a *pro se* petition for a writ of *habeas corpus* in the circuit court which, at his request, was later stricken from the docket and then reinstated. The hearing on the petition was continued on numerous occasions, at his request, and was finally completed on October 25, 1967, at which time the court denied the petition. No appeal was taken from that denial, but, on April 7, 1969, the defendant filed a new *pro se* petition for a writ of *habeas corpus* in the circuit court requesting a new evidentiary hearing. Through appointed counsel, he filed an amended *habeas corpus* petition on May 14, 1969, and a petition for post-conviction relief on August 14, 1969. On September 19, 1969, the circuit court denied the petition for the writ of *habeas corpus*, as amended, and the post-conviction petition.

Prior to the incident in question, the defendant was employed as a groom at a racetrack near Collinsville, and his wife was employed as a waitress in a nearby restaurant. They were habitually heavy drinkers, and their conduct on the night of August 10, 1963, was true to form. Both were present at a tavern in St. Clair County until closing time of 2:00 A.M., when the defendant's wife refused to leave

the premises. The defendant started to leave without her and the proprietor of the tavern forcibly evicted her. Thereupon, the defendant took her to their car. She was fighting and cursing him on the way to the car, and as they drove away.

The defendant drove from there to a deserted area across the county line, into Madison County, where the fighting continued. He ascribed his inability to remember the details of the incident to one of his occasional blackouts. However, he did remember hitting and kicking his wife, after which he made several unsuccessful attempts to revive her. He, thereupon placed her body in the trunk of his automobile and drove to a nearby restaurant where he had some food and met a friend. He and the friend drove to another tavern and drank for the rest of the day. During the late afternoon, the defendant told some friends what he had done and showed them his wife's body in the trunk of his car. Thereafter, he went to his wife's cabin, located adjacent to the restaurant where she had been employed, and slept until he was awakened about 10:00 P.M., when police officers knocked at the door.

His car was parked outside and, at the officers' request, he opened its trunk with his keys. At this time, he, in effect, stated that the officers "had got him," and identified the body in the trunk as that of his wife. He was then placed in a sheriff's department squad car, and directed the officers to the site of the beating. Afterward, he was taken to the sheriff's office where he gave the officers two statements concerning the incident. No objection was made at the trial to the introduction of the aforesaid statements, which were substantially the same as his testimony at the trial.

In the present appeal, he again contends that his purported confession was not freely and voluntarily given and, therefore, was improperly admitted into evidence; that he was denied trial by an impartial jury for the reason that one of the jurors was a special deputy sheriff; and that he

was denied the effective representation of counsel for the reason that his court-appointed trial counsel was incompetent. These issues were determined in the first appeal of this case (32 Ill.2d 253), are *res judicata,* and may not now be presented. We have consistently held that the Post-Conviction Hearing Act was not intended to be used as a device to obtain further consideration of claims of denial of constitutional rights where a full review of the issues raised has been held. *People* v. *Mayfield,* 42 Ill.2d 318, 322; *People* v. *Hill,* 39 Ill.2d 61, 63; *People* v. *Doherty,* 36 Ill.2d 286, 291.

The defendant has raised for the first time on this appeal the contentions that the prosecution failed to prove the *corpus delicti;* that he was the victim of an unlawful search and seizure; that his purported consent to the search of the trunk of his automobile was the result of duress and was illegal; and that the prosecution failed to prove venue. The State urges here that these issues cannot properly be considered since the defendant had an opportunity to raise them at the trial and on direct appeal; that he failed to do so; and has waived them for the purposes of this appeal. The State also contends, and properly so relative to the charge of failure to prove the *corpus delicti* and venue, that none of the issues presented here for the first time raise substantial constitutional questions, and that jurisdiction in post-conviction proceedings is properly limited to situations in which "a substantial denial of rights under the Constitution of the United States or the State of Illinois" is alleged. (*People* v. *Owens,* 34 Ill.2d 149, 150, 151.) We agree. Consequently, the defendant's contention of failure to prove the *corpus delicti* and venue of the crime is not subject to review in this proceeding.

The defendant has offered no explanation for failure to previously present the contention that consent to the search of his car was the result of duress, and that the search was unlawful. The record indicates the absence of

a motion to suppress the evidence, and that the issue was not raised in any way at the trial or in the original appeal herein. We have consistently held that post-conviction proceedings are not intended to be used as a device to obtain further consideration of claims of denial of constitutional rights where a full review of the issues raised has been held, and that where review has once been had by a writ of error or appeal, any claim which might have been there raised, but was not, is considered waived. *People* v. *Somerville,* 42 Ill.2d 1, 12; *People* v. *Hill,* 39 Ill.2d 61, 63, 64.

Consequently, the judgment of the circuit court is affirmed.

*Judgment affirmed.*