(No. 42391.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EDWARD SOMERVILLE, Appellant.

*Opinion filed May 21, 1971.*

KLUCZYNSKI and WARD, JJ., took no part.

BURTON D. GOULD, of Chicago, JOSEPH V. RODDY, of counsel,) appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and ARTHUR BELKIND, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from the circuit court of Cook County which, on motion of the State, dismissed the defendant's petition for a post-conviction hearing without conducting a hearing thereon.

Edward Somerville, defendant herein, Paul Langusch, Robert Somerville, Gail Somerville, Douglas Aldridge and

Leon Arnold were indicted for armed robbery. The defendant was tried alone, found guilty by a jury and sentenced to a term of 10 to 20 years in the State penitentiary. On appeal his conviction was affirmed by the appellate court (88 Ill. App. 2d 134) and a petition for leave to appeal to this court was denied. Robert Somerville, Gail Somerville and Paul Langusch had previously been tried and found guilty and their convictions were upheld by the appellate court (see *People* v. *Somerville,* 71 Ill. App. 2d 381) and their petition for leave to appeal to this court was denied. Subsequently to both of the above trials, Leon Arnold, who had been indicted with the others above named, testified in the case of People v. Donald Somerville *et al.* On cross-examination in that case he stated that he was told by an assistant State's Attorney that he "could probably get leniency." He stated that he had not been told by the assistant State's Attorney that he *would* get leniency and that he did not expect leniency but that he hoped for it. Arnold had testified at the trial of Robert Somerville, Gail Somerville, and Paul Langusch that no promises were made to him that he would not be prosecuted for his crime. He also testified at the trial of the defendant herein that no promise had been made to him by the State's Attorney's office or by any police officer, and on cross-examination he stated that he was testifying because he had expected leniency, that he didn't know whether he would receive leniency, that he didn't want to go to the penitentiary and that was the reason he was testifying.

Defendant Edward Somerville in his post-conviction petition alleges that his conviction was the product of the knowing use of perjured testimony by the State's Attorney of Cook County. The testimony which he refers to is that of Leon Arnold which defendant insists was different in his trial from that which Arnold gave in the trial of Donald Somerville. Arnold's testimony in the three trials, as the same relates to any promises made to him to induce him to testify, is summarized above.

Following the conviction of Robert Somerville, Gail Somerville and Paul Langusch and the affirmance thereof in the appellate court and the denial of the petition for leave to appeal in this court, those three defendants in a petition for post-conviction hearing raised the same question as has been raised by this defendant. They likewise contended that the testimony of Arnold at the Donald Somerville trial indicated the State had used perjured testimony in their trial when Arnold testified that no promises had been made to him. We reviewed the denial of the post-conviction hearing in that case in *People* v. *Somerville*, 42. Ill.2d 1, where we held at page 12 that the statements of Arnold at the various trials were not necessarily inconsistent and stated "Moreover, conceivable inconsistencies in testimony of witnesses at former trials 'fall short of establishing a knowing use of perjury,' *People* v. *Tyner*, 40 Ill.2d 1, 3."

We further note that the defendant raised the question of the discrepancies in Arnold's testimony on his appeal reported in 88 Ill. App. 2d 134, where the court stated: "Defendant is in error in attempting to equate the words 'He said I could probably get leniency' with the making of a definite promise." An examination of the brief filed by defendant in that appeal reveals that the point he now seeks to have us consider was fully argued on appeal. Issues that have been raised and decided on direct appeal are barred from further consideration in a proceeding under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*) under the doctrine of *res judicata* (*People* v. *Mayfield*, 42 Ill.2d 318; *People* v. *Price*, 44 Ill.2d 332), and in such cases an evidentiary hearing on the petition for a post-conviction hearing is unnecessary. *People* v. *Derengowski*, 44 Ill.2d 476.

For the reason that this court has previously determined that the discrepancies in Arnold's testimony did not indicate the use of perjured testimony by the State and for the reason that the question had been fully decided in appellate

review of·defendant's conviction we hold that the trial court was not required to conduct an evidentiary hearing on defendant's petition for post-conviction relief.

*Judgment affirmed.*

KLUCZYNSKI and WARD, JJ., took no part in the consideration or decision of this case.