THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* COUNTEE WILLIAMS, Petitioner-Appellant.

(No. 56530;

First District—April 3, 1972.

Bell, Boyd, Lloyd, Haddad & Burns, of Chicago, (John P. Scotellaro and Stephen J. Landes, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Zenon Forowycz, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Countee Williams, defendant, was convicted of burglary and sentenced to the penitentiary for a term of from ten to 20 years. This conviction was affirmed by this court on November 12, 1969. (*People v. Williams*, 116 Ill.App.2d 418, 253 N.E.2d 903, Gen. No. 53733 reported only in abstract.) Leave to appeal was denied by the Supreme Court in March, 1970. During the pendency of this appeal, on April 10, 1969, defendant filed a *pro se* post-conviction petition. (Ill. Rev. Stat. 1969, ch. 38, pars. 122—1 to 122—7.) On February 17, 1970, the petition was dismissed without an evidentiary hearing. Defendant's present counsel were appointed for appellate review. The appeal was first filed in the Supreme Court of Illinois and then transferred to this court.

The *pro se* petition raises or discusses three constitutional questions: (1) denial of rights under the *Miranda* decision; (2) failure of the trial court to advise defendant of his right to remain silent; (3) incompetent representation by trial counsel. Upon review of the entire record, we find no merit in any of these contentions.

■■■ As regards *Miranda* rights, no oral or written statement by defendant was used in any manner at his trial. This record shows that defendant elected of his own free will to testify in his own behalf at his original trial. We know of no constitutional principle which requires the giving of warnings to a defendant before he testifies in his own be-

half. As regards competency of counsel at the trial, the record shows affirmatively that the Public Defender who represented defendant at trial discharged his duties in a completely professional manner. The insurmountable problem which the attorney faced was the evident guilt of his client as demonstrated by the strong case presented by the prosecution. The post-conviction petition fails to "* * * make a substantial showing of the violation of a constitutional right * * *." (*People v. Pierce*, 48 Ill.2d 48, 50, 268 N.E.2d 373. See also *People v. Edwards*, 49 Ill.2d 522, 525, 276 N.E.2d 308.) No evidentiary hearing was required thereon.

However, appellate counsel for defendant have raised one single issue in their appeal from the order dismissing the petition without an evidentiary hearing. They insist that counsel for defendant in the trial court, appointed after the filing of the petition, failed to consult with defendant but stood by and confessed insufficiency of the petition so that defendant was, therefore, denied proper representation.

It is true that the Supreme Court of Illinois has held that it is the duty of an attorney appointed to represent an indigent petitioner under the Post-Conviction Act to consult with his client by mail or in person, to ascertain the petitioner's grievances, to examine the record of proceedings at the trial and then to amend the *pro se* petition if necessary to insure an adequate presentation of constitutional contentions. See *People v. Slaughter*, 39 Ill.2d 278, 285, 235 N.E.2d 566 and subsequent decisions such as *People v. Wales*, 46 Ill.2d 79, 262 N.E.2d 926. See also Supreme Court Rule 651(c); 43 Ill.2d R. 651(c).

The principle thus advanced by present counsel is undoubtedly valid in itself. However, the record shows that defendant was represented in the trial court hearing on his petition by attorney Frank Ferlic. This lawyer was appointed by letter dated May 7, 1969, written by the Presiding Judge of the Criminal Division, Circuit Court, which enclosed a copy of the *pro se* petition and which set out defendant's address. On August 21, 1969, the motion to dismiss the petition was filed by the People. The trial court conducted a hearing on the sufficiency of the petition on February 17, 1970.

At this hearing, the State's Attorney advised the court of the opinion of the Appellate Court and provided the court with a copy thereof. Defendant's appointed attorney elected to stand upon the *pro se* petition. Defendant's counsel addressed the court and summarized defendant's testimony at his trial according to the opinion of the Appellate Court "* * * and according to my talking to him * * *." He also told the court that he had communicated with the defendant by letter. He also stated that he had endeavored to see the defendant in the penitenti-

ary but "\* \* \* there were some problems down there that precluded me from seeing the defendant." From these statements made in open court by defendant's attorney, we conclude that he did, in fact, confer adequately with defendant.

Defendant's attorney also discussed the opinion of the Appellate Court so as to indicate familiarity therewith. The attorney advised the court that he preferred to stand upon the petition as already filed. Supreme Court Rule 651(c) is applicable here since the petition was dismissed after January 1, 1970. (See *People v. Wales,* 46 Ill.2d 79, 81, 262 N.E.2d 926.) However, the affirmative showing in this record demonstrates substantive compliance with the rule. We find accordingly that the representation accorded the defendant by his trial counsel in the post-conviction matter was adequate in accordance with applicable legal principles.

■■■ However, able counsel for defendant argue eloquently in this court that the *pro se* petition could possibly be amended to raise a new issue. They contend that defendant was brought to trial shortly before expiration of the statutory period of 120 days so that he was coerced to choose between immediate trial without adequate preparation by his counsel or further incarceration. The record does not support this contention. It shows affirmatively that defendant personally demanded trial. It also shows that defendant was taken into custody on April 12, 1968. On July 31, 1968, on motion of defendant, the cause was continued to August 2, 1968. Thus, the statutory period commenced to run anew only shortly before trial began. (See *People v. Anderson,* 48 Ill.2d 488, 491, 272 N.E.2d 18.) No issue regarding lack of preparation was raised by defendant in the trial court or in the previous appeal. No prejudice to defendant is urged and none is shown by this record. See *People v. Henry,* 47 Ill.2d 312, 315, 316, 265 N.E.2d 876; *People v. Hairston,* 46 Ill.2d 348, 354, 263 N.E.2d 840.

■■ We find no substantial constitutional issue presented by this contention. Furthermore, this is a proper situation in which to invoke the doctrine of waiver. Since this contention could have been raised at the original trial, in the Appellate Court on the first appeal, and in the Supreme Court on the petition for leave to appeal, it should be considered waived. *People v. Ward,* 48 Ill.2d 117, 121, 268 N.E.2d 692; *People v. Johnson,* 47 Ill.2d 568, 569, 268 N.E.2d 1; *People v. Beckham,* 46 Ill.2d 569, 571, 264 N.E.2d 149; and *People v. Myers,* 46 Ill.2d 270, 271, 263 N.E.2d 113.

The order dismissing the post-conviction petition without an evidentiary hearing was proper and it is affirmed.

Order affirmed.

BURKE and LYONS, JJ., concur.