THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LONNIE SNODGRASS, Defendant-Appellant.

(No. 71-355;

Second District—September 11, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant pled guilty to armed robbery and was sentenced to a term of 5 to 10 years. In March, 1970, he filed a *pro se* petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, sec. 122—1 *et seq.*) and the public defender was appointed. The petition was dismissed without an evidentiary hearing and this appeal followed.

It is contended that the defendant was not afforded proper representation on his *pro se* petition for post-conviction relief.

After being appointed, the public defender, on April 28, 1970, wrote a letter to the defendant concerning allegations contained in the *pro se* petition and requested further explanation so that an amended petition could be filed. The allegations relied upon by the defendant were not of record. The defendant failed to correspond and the matter was continued from time to time until June 9, 1970. At that time, defendant's counsel informed the court of the defendant's failure to communicate and the matter was again continued. Defendant's counsel wrote another letter to the defendant informing him that the matter was set for hearing on June 23, 1970, relating that he would not be in a position to amend defendant's petition unless he was furnished facts underlying the allegations contained in defendant's petition. There was no response to the second letter and, on June 23, 1970, a hearing was had on the defendant's *pro se* petition. At the hearing, in addition to the above facts, defendant's

counsel represented to the court that he had read the record and concluded that he could not "legitimately" argue any of the points raised in defendant's *pro se* petition, "unless I have a greater explanation from him [defendant] as to the facts."

The trial court added that it had also read the admonition given the defendant by another judge before his plea of guilty was accepted and found that the defendant had been properly admonished. The court then denied defendant's petition.

Defendant's complete argument follows:

"Counsel's obligations, when representing a person seeking relief from the Post Conviction Hearing Act is to 'consult with [the prisoner] either by mail or in person * * *' (*People v. Slaughter*, 39 Ill.2d 278, 235 N.E.2d 566, 569.) That seems pretty clear, and just as clearly counsel did not meet such requirement in this case.

Failing to receive a response to *one* letter does not mean that the petitioner did not wish to respond. (Emphasis added.) There are several obvious reasons why a person imprisoned in a penitentiary would not be able to write a letter answering his counsel. Further, no right should be made to hinge upon the vicissitudes of the U.S. mails. The defendant should receive a new hearing upon his petition, this time aided by counsel who personally appears before his client to consult with him, etc. Prisons are bad places, admittedly, but then the lawyers get to go home after the interview.

This case is controlled by Supreme Court Rule 651 (c), Ill. Rev. Stat., ch. 110A, sec. 651 (c) effective January 1, 1970. The Rule requires that in all post-conviction proceedings occurring after effective date, that the record 'contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the records of the proceedings at the trial, and has made any amendments to the petition filed pro se that are necessary for an adequate presentation of the petitioner's contention.' (See 43 Ill.2d R. 651 (c); *People v. Wales*, 46 Ill.2d 79, 262 N.E.2d 926.)

The instant post-conviction proceeding began in March, 1970, and no such certificate or *other showing* exists in the record that trial counsel performed the obligations required under the law. (Emphasis added.) Of course, the contrary is apparent. The appellant should receive a new hearing."

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.