THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.*
MICHAEL TOLIVER, Petitioner-Appellant.

First District (2nd Division)  No. 62796

Opinion filed April 5, 1977.

James Geis and Ira A. Moltz, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Joan S. Cherry, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Following a jury trial, Michael Toliver (petitioner), was found guilty of the offenses of murder and attempt robbery (Ill. Rev. Stat. 1967, ch. 38, pars. 9—1, 8—4). He was sentenced to 20 to 30 years imprisonment on the murder conviction and 5 to 8 years on the attempt robbery conviction, the sentences to run concurrently. Petitioner appealed unsuccessfully from the judgment in *People v. Toliver* (1st Dist. 1971), 133 Ill. App. 2d 266, 273 N.E.2d 274; and later filed a petition seeking relief pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*).

In the present appeal petitioner maintains that the lower court erred in dismissing his petition without an evidentiary hearing.

The relevant facts are adequately summarized in the prior appeal and need not be repeated. The post-conviction petition alleged petitioner's deprivation of constitutional rights under the United States and Illinois constitutions. In support of such allegation, petitioner stated that he was placed in a suggestive lineup after he surrendered to the police, in that all three of the occurrence witnesses viewed him before the lineup by entering a room in which he was seated; and thereafter they viewed him in the lineup at the same time, in the same room. Petitioner alleged that absent the identification testimony admitted at his trial, he would not have been convicted. The court below dismissed the petition without holding an evidentiary hearing.

■■ On appeal petitioner urges that his allegations were sufficient to have warranted an evidentiary hearing to determine the merits of his claim. We disagree. Petitioner contends that he was denied due process of law because his identification was the result of a suggestive lineup which tainted the subsequent in-court identifications. We note, however, that petitioner failed to raise the issue in his direct appeal. Where an appeal is taken from a judgment of conviction, the judgment of a reviewing court is *res judicata* as to all issues actually raised; and those issues that could have been presented, but were not, are deemed waived. *People v. Adams* (1972), 52 Ill. 2d 224, 225, 287 N.E.2d 695; *People v. Ikerd* (1970), 47 Ill. 2d 211, 214, 265 N.E.2d 120; *People v. French* (1970), 46 Ill. 2d 104, 107, 262 N.E.2d 901, *cert. denied* (1971), 400 U.S. 1024, 27 L. Ed. 2d 636, 91 S. Ct. 590; *People v. Beckham* (1970), 46 Ill. 2d 569, 571, 264 N.E.2d 149; *People v. Kamsler* (1968), 40 Ill. 2d 532, 533, 240 N.E.2d 590, *cert. denied* (1969), 394 U.S. 911, 22 L. Ed. 2d 224, 89 S. Ct. 1027.

■■ Although petitioner concedes that the claim of simultaneous viewing is one based on facts within the record, he urges that the issue should not be deemed waived because his second claim requires an evidentiary hearing anyway. He asserts that the witnesses were erroneously permitted to view him prior to the lineup. Our review of the record, however, reveals that this claim of error is also based on facts within the record. Well settled principles of *res judicata* bar both arguments now. Post-conviction proceedings are not intended to be used as a device to obtain further consideration of claims of denial of constitutional rights where the claims were or could have been raised previously. (*People v. Ward* (1971), 48 Ill. 2d 117, 121, 268 N.E.2d 692, *cert. denied* (1971), 404 U.S. 849, 30 L. Ed. 2d 87, 92 S. Ct. 155; *People v.*

*Price* (1970), 44 Ill. 2d 332, 333, 255 N.E.2d 395; *People v. Hill* (1968), 39 Ill. 2d 61, 63, 233 N.E.2d 546.) Petitioner's present contention in our opinion could have been raised in the direct appeal, if in fact it was not raised in that appeal.

We conclude, therefore, that the court below properly dismissed the petition without an evidentiary hearing. The order of the circuit court of Cook County dismissing the post-conviction petition is accordingly affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.