THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff and Respondent-Appellee, *v.* EUGENE PRICE, Defendant and Petitioner-Appellant.

First District (2nd Division)    No. 80-404

Opinion filed June 16, 1981.—Modified on denial of rehearing July 28, 1981.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Georgia A. Buglass, and Gloria G. Coco, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

In a jury trial defendant, Eugene Price, was found guilty of two counts of armed robbery (Ill. Rev. Stat. 1973, ch. 38, par. 18—2) and was sentenced to serve two concurrent terms of five to eight years in the Illinois Department of Corrections. On direct appeal to this court, the judgment was affirmed. (*People v. Price* (1979), 76 Ill. App. 3d 613, 394 N.E.2d 1256.) During the pendency of the direct appeal, defendant filed a pro se petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*). Counsel was appointed to represent defendant, and a supplemental petition was filed with the trial court on December 4, 1979.

The supplemental petition alleged that the out-of-court photographic identification of defendant by the two armed robbery victims should have been suppressed because defendant's photograph was taken following his illegal arrest on an unrelated charge and because the purported use of one Polaroid color photograph of defendant together with nine black and white photographs of other persons was unnecessarily suggestive. The former claim was raised in defendant's direct appeal and was rejected by this court. (*Price*, at 623-25.) On January 31, 1980, the trial court granted the State's motion to dismiss the petition without an evidentiary hearing on the ground that review of petitioner's claims was barred by the principles of res judicata and waiver. This appeal followed.

The issue in this case is whether defendant was entitled to an evidentiary hearing on his claim that the robbery victims' identifications were tainted by an unnecessarily suggestive photographic display. The facts of this case are fully set forth in this court's previous opinion and need not be restated here.

Defendant concedes that consideration of the first claim of the supplemental petition was barred by principles of res judicata since that contention was fully reviewed in the direct appeal. Defendant, however, insists that the second claim, which was not raised in the direct appeal, was not waived because the basis for it did not appear in the record of the trial court. For that reason the issue could not be raised on direct appeal. The State disputes this interpretation of the record.

Our own examination of the record on defendant's pretrial motion to suppress reveals that defense counsel asked for and received the 10 photographs, including defendant's, which defendant asserts were shown to the two armed robbery victims. The record does not indicate whether these photographs were in color or in black and white or a mixture of both. Before inspecting the photographs, defense counsel informed the trial court that her motion to suppress did not allege that there was any suggestiveness in the photographic identifications. No such allegation was made after she examined the photographs. Under these circumstances,

defendant's contention that the photographic display was suggestive has been waived.

Post-conviction proceedings are not intended to be used as a device to obtain further consideration of claims of denial of constitutional rights where the claims were or could have been raised previously. (*People v. Toliver* (1977), 47 Ill. App. 3d 594, 595, 365 N.E.2d 114.) Defendant's failure to raise this claim in the original trial or upon direct review waives post-conviction attack. *People v. Ward* (1971), 48 Ill. 2d 117, 120-21, 268 N.E.2d 692; *People v. Johnson* (1971), 47 Ill. 2d 568, 569, 268 N.E.2d 1.

In *People v. Beckham* (1970), 46 Ill. 2d 569, 571, 264 N.E.2d 149, the supreme court held that where there was neither trial nor appellate objection by defendant or his counsel to the identification testimony, the question regarding the suggestiveness of his identification was not open to post-conviction attack. The issue defendant sought to raise in his petition was available to him at trial and on direct appeal. There is no suggestion that defendant's effort to present this issue at trial or on direct appeal was thwarted by his counsel or others. *People v. Smith* (1977), 56 Ill. App. 3d 569, 571, 371 N.E.2d 921.

Defendant, however, states that trial counsel's failure to raise this issue "was not shown explainable on the basis of the record," and requires an evidentiary hearing to determine whether defendant was denied the effective assistance of counsel. We disagree. Upon examination of the pretrial proceedings in this cause it is obvious why trial counsel did not raise the argument defendant presents in his petition.

Defendant's affidavit in support of his petition avers that a "color polaroid photograph was taken" of him on July 1, 1974, following his arrest on a disorderly conduct charge which was later dismissed and that this photograph, together with a number of black and white photographs, was shown by the police to the two robbery victims in this case, Rosetta Showers and Willie Hughes. This averment is flatly contradicted by the testimony of Officers Alesi, Dorn and Steen. The July 1, 1974, photograph was viewed only by Louis Watkins, a victim of an unrelated armed robbery. Officer Alesi did show a photograph of defendant to Showers and Hughes, but that photograph was taken on July 8, not July 1, 1974. It is apparent, therefore, that defendant's representation in his affidavit is without foundation and did not require an evidentiary hearing.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing defendant's post-conviction petition without an evidentiary hearing is affirmed.

Affirmed.

HARTMAN, P. J., and DOWNING, J., concur.