People of the State of Illinois, Appellee, v. Napoleon P. Barney, Appellant.

Gen. No. 49,960.

First District, Third Division.

June 3, 1965.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Jay J. Poole, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a jury trial the defendant was found guilty of the unlawful sale of narcotic drugs and was sentenced to a term of ten to fifteen years in the penitentiary. The issue is solely one of identity.

At about 9:00 p. m. on October 24, 1963, Paul Hemphill, an Illinois State Narcotics Inspector who had made between two hundred and fifty and three hundred narcotics arrests, purchased narcotics from a man introduced to him as Paul Bonner. The sale took place in the inspector's automobile while Bonner was seated in the rear seat about two and one-half to three feet from Hemphill for a period of three to five minutes. An official report made by Hemphill soon thereafter described the seller as a Negro male about twenty-six years old, five feet six inches tall, and 170 pounds in weight, with a stooped manner of walking. Hemphill had not known Bonner before this sale, and Bonner was not arrested at that time.

On April 7, 1964, Lamont Knazze, a Chicago Police Officer assigned to Narcotics Vice Control Division, pointed out Barney to Inspector Hemphill, and Barney was thereafter arrested. Then Hemphill made another official report, reciting that Paul Bonner's name was Napoleon P. Barney, that he was a Negro male about thirty-five years old, five feet eleven inches tall, 210–220 pounds in weight, and had an erect posture. At the trial, Officer Knazze testified that he knew the defendant in October 1963 and that the defendant at the time of the trial appeared to weigh about thirty-five pounds more than in October 1963. Hemphill at the time of trial was positive that Barney was Bonner and that he had gained weight. The defendant did not testify in his own behalf. It was stipulated that the defendant was thirty-five years old and had been a narcotics addict for sixteen years.

The differences in the description made less than six months apart are: an increase of nine years in age, of five inches in height, of fifty pounds in weight, and a change in posture from stooping to erect. The only explanation of the discrepancies which the state offers is that the changes resulted from an improvement in defendant's health during the six month period. An improvement in health normally would make a person appear younger, rather than older, but Bonner was described as about twenty-six, while Barney's age was stipulated to be thirty-five. It is argued that Inspector Hemphill had made two hundred and fifty to three hundred arrests, and that this experience makes him especially reliable. It might also explain the confusion.

The identity of the defendant was not proved beyond a reasonable doubt.

Judgment reversed.

DEMPSEY, P. J. and SULLIVAN, J., concur.