**UNITED STATES of America ex rel. William SMITH, Petitioner,**

**v.**

**Frank J. PATE, Warden of the Illinois State Penitentiary, Respondent.**

**No. 68 C 2006.**

United States District Court
N. D. Illinois, E. D.

Feb. 26, 1969.

Julius Lucius Echeles, Chicago, Ill., for plaintiff.

William J. Scott, Atty. Gen. of Illinois, for defendant.

ROBSON, District Judge.

## MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS

The respondent, Frank J. Pate, has filed a return to the rule to show cause why the petitioner, William Smith, should not be granted a writ of habeas corpus. For the reasons set forth below, this court is of the opinion that the petition for a writ of habeas corpus should be dismissed.

The petitioner was convicted of illegal possession of narcotics by the Circuit Court of Cook County and sentenced to imprisonment for not less than twenty nor more than forty years. He subsequently appealed to the Supreme Court of Illinois, charging that the prosecution should have been required to produce its informant at a preliminary hearing, that the trial court erred in failing to quash the search warrant and suppress evidence in light of the testimony of defense witnesses, and that the indictment underlying his prosecution was defective. The judgment of the trial court was affirmed on all these issues. People v. Smith, 40 Ill.2d 501, 241 N.E.2d 185 (1968). That appeal is apparently the only post-conviction remedy previously sought by the petitioner.

The petitioner then filed the instant habeas corpus petition with this court. He contends here that his constitutional rights under the Fourth, Fifth and Fourteenth Amendments were violated at the trial in question because certain articles were seized on an invalid search warrant, and thereafter were introduced into evidence. The warrant was based upon an affidavit allegedly known by the arresting police officers to be perjurious and fraudulent. This ground was neither raised nor ruled upon by the Illinois Supreme Court. People v. Smith, *supra*. Therefore, the petitioner has not exhausted his state remedies with respect to the allegation that the search warrant was fraudulently procured, and this court will not consider this issue. 28 U.S.C. § 2254.

The petitioner further charges that the affidavit used to procure the search warrant was signed with the fictitious signature of one "John Henderson." The petitioner cites a recent decision in this circuit holding that a fictitious signature on the affidavit for a search warrant renders the warrant void. United States ex rel. Jesse Pugh v. Pate, 401 F.2d 6 (7 Cir. 1968). Although the "slip opinion" filed on May 13, 1968, by the Illinois Supreme Court in People v. Smith, *supra*, does not indicate that the validity of the search warrant was challenged on the ground that the signature on the supporting affidavit was fictitious, the petitioner calls this court's attention to the fact that the "slip opinion" includes a statement that "the signing of a fictitious name to an affidavit for a search warrant is not grounds for quashing a search warrant [citing cases]." On June 21, 1968, the Illinois Supreme Court filed its official opinion, and on September 24, 1968, that court modified the opinion by striking the above-quoted passage, which does not appear in the official published opinion. Because the only official opinion of the Illinois Supreme Court is that published under the authority of Ill.Rev.Stat.1967, ch. 110A § 32, this court must consider only the September 24, 1968, ruling as the official ruling of that court. The opinion, in its final form, contains no mention of the validity of the signature of "John Henderson" on the supporting affidavit, nor does the Court directly rule upon the validity of the search warrant itself because of an allegedly improper support-

ing affidavit. Apparently, the Illinois Supreme Court considered the stricken sentence in question as *dicta,* and thus its elimination did not affect the issues raised and ruled upon in the opinion. Therefore, this court finds that the petitioner's contention that the search warrant was invalid *ab initio* because of a fictitious signature on the supporting affidavit was not raised nor ruled upon by the Supreme Court of Illinois, and the petitioner has failed to exhaust his state remedies with respect to this issue also. 28 U.S.C. § 2254.

■ This court is of the opinion, however, that even had the fictitious signature issue been properly raised and ruled upon by the Supreme Court of Illinois, the *Pugh* decision, supra, is not applicable to the instant case. *Pugh* was rendered by the Seventh Circuit on July 1, 1968. The petitioner's trial was concluded with sentencing on January 12, 1967. The court accepts the respondent's view that the *Pugh* decision cannot be given retroactive effect in light of the standards set by the United States Supreme Court in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). In that opinion, Chief Justice Earl Warren stated that a ruling on constitutional rights should be retroactively applied when

" * * * the rule affected 'the very integrity of the fact-finding process' and averted 'the clear danger of convicting the innocent.' " Id. at 727–728, 86 S.Ct. at 1778.

The rule handed down in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), excluding evidence obtained in an unreasonable search and seizure, was not applied retroactively in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). The *Linkletter* decision held that the exclusionary rule was calculated to prevent unreasonable searches and seizures in the future, and not to repair former convictions based on illegally seized evidence. The *Pugh* decision is directed at police procedure in procuring search warrants and does not affect "the very integrity of the fact-finding process," nor does it avert "the clear danger of convicting the innocent." Therefore, the *Pugh* doctrine should not be retroactively applied. The petitioner's constitutional rights were not violated under the Illinois decisions applicable prior to *Pugh.* See People v. Mack, 12 Ill.2d 151, 145 N.E.2d 609 (1957).

■ Finally, the petitioner asserts that his constitutional rights under the Sixth Amendment were denied because he was not allowed to confront and cross-examine the alleged informer, John Henderson, at the preliminary hearing to quash the search warrant and suppress the narcotics seized. This issue was raised and ruled upon by the Illinois Supreme Court in People v. Smith, *supra.* The Court ruled that where a search warrant leading to a defendant's arrest for illegal possession of narcotics was issued upon an informer's affidavit alleging a recent purchase of narcotics from the defendant, it was not necessary to produce the informer as a witness at the preliminary hearing on the defendant's motion to suppress. The Court concluded that since the informer was not a material witness on the issue of the defendant's guilt or innocence under the offense charged, the prosecution had a legitimate and overriding interest in protecting the identity of the informer by refusing to produce him. This holding is in conformity with enunciated federal standards concerning the "informer's privilege," and therefore, the petitioner's constitutional rights were not violated by nonproduction of the informer. See McCray v. Illinois, 386 U.S. 300, 312–313, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

It is therefore ordered that the petition for a writ of habeas corpus be, and it is hereby denied. It is further ordered that the cause be, and it is hereby dismissed.