(No. 41438.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* MARY O'KIERSEY, Appellant.

*Opinion filed September 29, 1970.*

PAUL BRADLEY, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and ANTHONY M. MONTEMURRO, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, Mary O'Kiersey, appeals directly to this court from a judgment in the circuit court of Cook County,

wherein she was found guilty of possession of marijuana, a narcotic drug, and sentenced to six months probation.

The only question raised in this appeal concerns the validity of the search warrant by which certain incriminating evidence was seized and later used against the defendant at her trial. At the hearing on her motion to quash the search warrant and suppress the evidence, which was denied, it was adduced that the complaint which formed the basis for the issuance of the warrant was sworn to by a person who used a fictitious name. Relying on *United States ex rel. Pugh* v. *Pate* (7th cir. 1968), 401 F.2d 6, defendant argues that the denial of the motion constituted reversible error.

In *Pugh,* a majority of the Circuit Court of Appeals for the Seventh Circuit held that the use of a fictitious name by an affiant to a search warrant *per se* voided that warrant under the fourth amendment to the United States constitution. Our decisions, however, as noted by Judge Kiley in his dissent in *Pugh,* are to the contrary: "The Illinois Appellate Court rejected Pugh's *per se* contention in *People* v. *Pugh,* 217 N.E.2d 557; and in *People* v. *Mack,* 12 Ill.2d 151, 145 N.E.2d 609 at page 615 the Illinois Supreme Court stated that a fictitious name in the affidavit for a warrant is not ground for quashing a warrant." 401 F.2d at 8-9; *cf. People* v. *Smith,* 40 Ill.2d 501.

In *United States ex rel. Smith* v. *Pate* (N.D. Ill. 1969), 305 F. Supp. 225, it was held that because "[t]he *Pugh* decision * * * [did] not affect 'the very integrity of the fact-finding process,' nor * * * avert 'the clear danger of convicting the innocent' * * * [it] should not be retroactively applied." 305 F. Supp. at 227; see also to the same effect *United States ex rel. Mayfield* v. *Pate* (N.D. Ill. 1969), 305 F. Supp. 41; see *Desist* v. *United States* (1969), 394 U.S. 244, 22 L. Ed. 2d 248, 89 S. Ct. 1030; *Stovall* v. *Denno* (1967), 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967; *Johnson* v. *New Jersey* (1966), 384 U.S. 719, 16

L. Ed. 2d 882, 86 S. Ct. 1772; *Linkletter* v. *Walker* (1965), 381 U.S. 618, 14 L. Ed. 2d 601, 85 S. Ct. 1731.

The trial of the case at bar took place on January 31, 1968, and the contested search warrant was issued at some time prior thereto. (The exact date of the issuance of the warrant is not contained in the record.) The decision in *Pugh*, however, was rendered on July 1, 1968. Accordingly, inasmuch as the *Pugh* case is to be applied prospectively only, we are not confronted with its effect on the case at bar.

Therefore, our holdings in *People* v. *Mack* and *People* v. *Smith* to the effect that the use of a fictitious name by the affiant to a search warrant does not constitute an abridgment of fourth amendment rights are determinative of the issue before us. We find no error.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*