THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEO JACKSON, Defendant-Appellant.

(No. 54431;

First District—August 5, 1971.

Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Brent F. Carlson, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

In a bench trial, defendant was convicted of the crime of unlawful possession of heroin and sentenced to 6 to 8 years in the penitentiary. He appeals contending that the trial court committed reversible error in denying his motion to quash the search warrant, and also that he was not proved guilty beyond a reasonable doubt.

The complaint for the search warrant was signed by Al Wilson, who did not testify at the hearing on the motion to quash the search warrant or at trial. At the hearing on the motion, Officer Resner of the Chicago Police Department testified that he knew the affiant as Al Wilson, and by no other name. This arrest was the first time he used Wilson as an informer. Defendant testified at the hearing that he had a former roommate whose real name he believed to be Albert Bradley. Defendant knew that Bradley also used the alias of Al Wilson.

Defendant first maintains that the court erroneously denied the motion to quash the search warrant for the following reasons: (1) the warrant was based upon the allegations of an affiant using a fictitious name; (2) production of the affiant at the hearing on the motion to quash the search warrant was indispensable; and (3) the affiant's reliability as a witness was not established.

Defendant's argument that the search warrant was defective because the affiant used a fictitious name must fail. Our Illinois Supreme

Court has held that the use of a fictitious name by an affiant to a search warrant does not constitute an abridgment of constitutional rights. (*People v. Stansberry* (1971), 47 Ill.2d 541, 268 N.E.2d 431; *People v. Smith* (1968), 40 Ill.2d 501, 241 N.E.2d 185; *People v. Mack* (1957), 12 Ill.2d 151, 145 N.E.2d 609.) Moreover, under the conflicting testimony presented at the hearing on the motion to quash, the trial court was entitled to conclude that Al Wilson was not a fictitious name, but the actual name of the affiant.

▪ Defendant next argues that it was necessary for the State to have the affiant testify at the hearing on the motion in order to establish his true identity. He also contends that the search warrant was defective because the reliability of the affiant as a witness was not established. However, defendant cannot go behind the face of a complaint for a search warrant and relitigate probable cause for the issuance of a search warrant by a judicial officer. (*People v. Bak* (1970), 45 Ill.2d 140, 258 N.E.2d 341; *People v. Mitchell* (1970), 45 Ill.2d 148, 258 N.E.2d 345.) In *Bak* at p. 144, the court said: "This majority of the court believes that both constitutions contemplate only that a judicial officer find probable cause for the issuance of a warrant based on the evidence under oath that has been presented to him by one requesting the warrant. It is contemplated that the credibility of the affiant or others offering evidence is for the judicial officer. If he finds the evidence worthy of belief and sufficient to form probable cause, this judicial determination cannot be relitigated through a later disputing of the evidence. Should an affiant betray the confidence in his integrity which is contemplated by the *ex parte* proceeding and intentionally make misrepresentations to the judicial officer, he can be punished for the offense."

▪ In the verified complaint for the search warrant in the case at bar, the affiant swore that he had been in defendant's apartment on several occasions, and on a specific date had in fact purchased heroin. Thus the verified complaint stated the facts sufficiently so that the affiant could be charged with perjury if the complaint were false. The informant who observed the criminal activity in defendant's apartment was the same person who signed the complaint for the search warrant. The verified complaint set forth his personal observations, and there was no element of hearsay. (See *Spinelli v. United States* (1969), 393 U.S. 410, 21 L.Ed.2d 637, 89 S.Ct. 584.) The affiant-informant was before the judicial officer for inquiry and observation at the time of the issuance of the search warrant. When the judicial officer issued the search warrant based on the facts stated in the complaint, the affiant's reliability was established. The court did not err in denying the motion to quash the search warrant.

Defendant also argues that he was not proved guilty beyond a reasonable doubt, contending primarily that the evidence did not support a reasonable inference of his knowledge and control of the narcotics.

At trial, Officer Ray Rice of the Chicago Police Department, the only witness presented by the State, testified that with two other officers he went to defendant's apartment to execute the search warrant. After forcing their way into the apartment they made a search, and the witness discovered three packets of heroin in the pocket of a pair of gray trousers located in the apartment closet. The officer believed that the gray trousers were defendant's because all of the clothes were about the same size. Moreover, when asked to get dressed to go to the police station, defendant picked through his clothes and selected the gray trousers to wear.

Defendant testified that he lived alone in the apartment at the time of the arrest, but that Bradley had lived there until a week or ten days before. Most of the clothes belonged to defendant, but some, including the gray trousers, belonged to Bradley. Defendant did not recall what clothes he wore to the police station. Defendant also denied any knowledge of the narcotics. In 1961 he had been convicted of the unlawful sale of narcotics.

█ Knowledge and possession of narcotics must be proved beyond a reasonable doubt. But where narcotics are found on premises under the control of defendant, this fact, in and of itself, gives rise to an inference of knowledge and possession by him which may be sufficient to sustain a conviction for unlawful possession of narcotics, absent other facts and circumstances which might leave in the mind of the trier of fact a reasonable doubt as to defendant's guilt. (*People* v. *Nettles* (1961), 23 Ill.2d 306, 178 N.E.2d 361.) In the instant case, it was undisputed that defendant had sole possession and control of the apartment at the time of the arrest. Additionally, although defendant testified that Bradley alias Wilson had lived there until a few days before the arrest, the police officer testified that when defendant was instructed to dress he of his own volition selected the gray trousers to wear to the police station. The testimony adduced clearly constituted sufficient proof that defendant had knowledge and requisite control of the heroin.

█ The testimony of the one police officer at trial was sufficient to sustain the conviction. His testimony was positive and credible. Nor did the State's failure to call the other arresting officers at trial create a reasonable doubt of defendant's guilt.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.