(No. 46574.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JAMES A. LEWIS, Appellant.

*Opinion filed January 21, 1975.—Modified on
denial of rehearing March 24, 1975.*

*An identical order was entered in *People ex rel. Collins v. Power,* No. 46734, on May 29, 1974.

James J. Doherty, Public Defender, of Chicago (Ronald P. Alwin and Gail Moreland, Assistant Public Defenders, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Patrick T. Driscoll, Jr., and William J. Haddad, Assistant State's Attorneys, of counsel), for the People.

James W. Jerz, of Elgin, for Illinois State's Attorneys Association, *amicus curiae*, on petition for rehearing.

Stephen A. Schiller, of Chicago (John Beal, of counsel), for Chicago Crime Commission, *amicus curiae,* on petition for rehearing.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The defendant, James A. Lewis, was found guilty of armed robbery in a bench trial in the circuit court of Cook

County and sentenced to a term of 4 to 10 years in the penitentiary. The appellate court affirmed (*People v. Lewis* (1974), 17 Ill. App. 3d 188), and we have allowed defendant's petition for leave to appeal.

Defendant argues that he was denied due process of law in that he was forced to choose between his right to effective assistance of counsel and his statutory right to trial within 120 days pursuant to section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 103—5(a)), which provides in part that "every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***." The resolution of this issue requires a chronological review of the pertinent events from the time of defendant's arrest through the trial 117 days later.

Defendant was arrested and charged with armed robbery on November 7, 1971. He remained in custody thereafter. On December 8, he appeared for a preliminary hearing. The lawyer who had previously filed an appearance for him did not appear, but defendant nevertheless demanded an immediate hearing. The court thereupon appointed the public defender to represent him. At the conclusion of the hearing at which four occurrence witnesses testified, the court made a finding of probable cause, and defendant was held over to the grand jury. The grand jury heard testimony on January 27 and February 15, 1972, and returned a four-count armed-robbery indictment on February 24, which was the 109th day of his incarceration. At his arraignment the following day the public defender was once again appointed to represent him when he indicated that he did not have a lawyer and did not have the funds to retain one. The defendant entered a plea of not guilty to all charges against him.

The cause was set for trial on Thursday, March 2, which was the 116th day following his arrest. On that

date, the assistant public defender advised the court that he was not ready for trial since he had first become aware of the case only six days earlier on the previous Friday, February 25. He told the court that notwithstanding his warnings to the defendant that he was not fully prepared and that going to trial under such conditions would be "precarious," the defendant nevertheless had persisted in answering ready for trial. The court thereafter made specific inquiry of the defendant on two occasions if he still persisted in answering ready for trial on that date in spite of what his counsel had advised him, and the defendant unequivocally indicated that he was ready and wanted the trial to proceed that day. Following defendant's waiver of trial by jury, the court instructed the State to tender any material to defendant's counsel that "he would normally have if he had been able to file discovery." In response to these directions, the prosecutor turned over transcripts of testimony at the preliminary hearing as well as transcripts of the grand jury testimony. Subsequently, the prosecution also delivered copies of police reports in its possession. After a luncheon recess, the court denied a motion by the public defender to withdraw as counsel. Defense counsel then sought and was granted time to consult with two of the State's witnesses. Following such consultation, the court was informed that the assistant public defender who had represented defendant at the preliminary hearing would assist in the defense of the case. In the proceedings which followed, the defendant was represented by two assistant public defenders.

Defendant was thereafter permitted to file motions to suppress identification testimony and to quash the arrest. The trial court denied both motions after hearing testimony of four witnesses concerning the circumstances surrounding defendant's arrest and the police identification procedures which followed.

The trial itself commenced on the following day, March 3, which was the 117th day after defendant's arrest

and the 8th day following the indictment. During the trial the State presented the testimony of the same four occurrence witnesses who had previously testified before the grand jury and at the preliminary hearing. The evidence showed that on July 6, 1971, at approximately 11 a.m., defendant and two other men entered a tavern at 3302 East 92nd Street in Chicago armed with a shotgun and a revolver. After announcing a holdup, the men ordered an employee at gunpoint to open a cash register and proceeded to remove the cash. Additional cash was forcibly taken from two of the patrons in the tavern, and defendant also took several bottles of whiskey. Defense counsel conducted a rather extensive cross-examination of each of the witnesses which included reference to their prior testimony either at the preliminary hearing or before the grand jury. Testifying in his own behalf, defendant denied being in the tavern on the day in question. At the conclusion of the trial that day, the defendant was found guilty on three of the four counts of armed robbery. A co-defendant represented by the same counsel and tried at the same time was found not guilty.

We are unable to agree with defendant's contention that he was denied due process of law by being required to choose between his statutory right to trial within 120 days and his constitutional right to effective assistance of counsel. We recently reached the same conclusion in *People v. Williams* (1974), 59 Ill.2d 402, in which we noted the following statement from *People v. Johnson* (1970), 45 Ill.2d 38, 43-44: "To argue that he was forced to choose as he did is to argue technicalities. The right to a speedy trial and the right to avoid a precipitous trial are separate but related rights. Both are designed to assure an accused a fair trial, to prevent undue delay in one instance and undue haste in the other. He can demand action or avoid action as the exigencies of his situation may dictate. But fairness and justice are not a one-way street. *** The fact that on occasion the accused might have to jeopardize

the legislative benefits of the four-month rule by asserting his right to a continuance does not entail a denial of his right to a speedy trial. *** The election was defendant's to determine on the basis of what would better insure him a fair trial, and, having chosen to proceed, his present argument is nothing more than technical obfuscation." The Supreme Court of the United States, in considering an analogous question in *McGautha v. California* (1971), 402 U.S. 183, 213, 28 L. Ed. 2d 711, 729, 91 S. Ct. 1454, made the following observation which is also pertinent here: "The criminal process, like the rest of the legal system, is replete with situations requiring 'the making of difficult judgments' as to which course to follow. *McMann v. Richardson,* 397 U.S., at 769, [25 L. Ed. 2d, at 772]. Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose."

It is evident from an examination of the record that defendant was not denied effective assistance of counsel as a consequence of his election to proceed to trial on March 3. The relatively short trial did not involve complex issues of law or fact which necessitated lengthy preparation on the part of defense counsel. As previously noted, the defendant was represented by two assistant public defenders, one of whom had previously represented him in the preliminary hearing. Prior to the commencement of the trial, the trial court directed the State to turn over to defense counsel all materials that would have been available if normal discovery procedures had been followed. In response to this order, the defense was furnished with copies of police reports, as well as the preliminary-hearing and grand-jury transcripts which included prior testimony of the four witnesses who testified for the State during the trial. Defense counsel was also allowed time to consult two of the State's witnesses in advance of the trial. Defendant's suggestion in his brief that additional time for

preparation would have permitted more thorough investigation by defense counsel assumes that such investigation would have produced other evidence favorable to him. This is based on conjecture, however, and we have consistently held that a claim of prejudice cannot be founded on mere conjecture. (*People v. Williams* (1974), 59 Ill.2d 402; *People v. Thomas* (1972), 51 Ill.2d 39; *People v. Gonzales* (1968), 40 Ill.2d 233.) A review of the transcript conclusively shows that defense counsel conducted a vigorous defense and exhibited no lack of effectiveness in representing defendant at any stage of the proceedings in the trial court.

Since the defendant was tried within the 120-day period specified by statute with effective assistance of counsel, the judgment of the appellate court affirming the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

## Addendum on Denial of Rehearing

Our opinion, as originally filed, reinterpreted the 120-day rule to exclude from the computations any delays occasioned by defendants. The additional facts and arguments presented in the petition for rehearing and briefs of *amici* relating to pending legislation, as well as problems in the implementation of the rule originally announced, have persuaded us that we should, at least for now, await legislative consideration and action. Accordingly, that portion of our original opinion has been deleted.