THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NARVA DUNKLIN, Defendant-Appellant.

First District (5th Division)    No. 80-0641

Opinion filed March 5, 1982.

Frederick F. Cohn, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Casimir J. Bartnik, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WILSON delivered the opinion of the court:

Following a bench trial, defendant was convicted of murder (Ill. Rev. Stat. 1975, ch. 38, par. 9—1) and sentenced to 14 to 17 years' imprisonment. He presents these issues for review on appeal: (1) the prosecutorial withholding of exculpatory evidence renders the jury waiver void; (2) the trial court erroneously excluded expert testimony; (3) the evidence was insufficient to sustain a conviction for murder; (4) the trial court erroneously excluded evidence of the reputation of the deceased; and (5) the trial court erroneously excluded testimony offered to enhance the credibility of a defense witness. We affirm. The relevant facts follow.

After defendant's indictment for murder, defense counsel filed a discovery motion requesting the State to provide him with the criminal records of the State's witnesses. The record discloses that the assistant State's Attorney did not check directly with the Chicago Police Department or with Investigator Ridges who was assigned to the case, before responding to the motion. The State's response to the defense's motion stated "None known at this time."

The assistant State's Attorneys met with the investigators on the case prior to trial; however, it does not appear that prior convictions of State's witnesses were discussed during that time. Approximately three or four days before the trial commenced, the prosecutors met with all the prosecution witnesses, and it was determined that it was possible that Larry Haynes had a prior conviction. An investigator was assigned to check whether Haynes had a prior conviction so such information could be available to the defense; however, the defense was not advised that a check was being made. At that time *People ex rel. Fisher v. Carey* (1978), 64 Ill. App. 3d 239, 380 N.E.2d 1150,[1] was controlling and prohibited defense counsel from obtaining material by subpoena, as provided for by the rules of discovery.

After commencement of the trial and a waiver of the jury, defense counsel was advised that some witnesses might have convictions and advised by the State to subpoena the records. Police department records indicated that Haynes had prior convictions for burglary and theft.

At post-trial motions with new counsel, defendant asserted that the jury waiver was not knowingly made because a different decision would have been made if it had been known that Haynes, a prosecution witness,

---

[1] This case was later reversed by the Illinois Supreme Court in *People ex rel. Fisher v. Carey* (1979), 77 Ill. 2d 259, 396 N.E.2d 17.

had prior convictions. He stated that he believed the jury would consider prior convictions differently from judges.

Defendant's attorney at the commencement of trial, Fred Dry, testified that if he had known of Haynes' record prior to the waiver, he would have advised defendant to go with the jury because such evidence would have diminished Haynes' credibility. Defendant's other counsel had no opinion on the effect of a prior conviction on a judge or jury.

Defendant's motion to present expert testimony on the different effect that a prior conviction would have on a judge or jury was denied. The trial judge stated that such a difference was based upon speculation and that he would consider the impeaching of a witness in a bench trial.

Evidence concerning the sufficiency of the conviction indicated that a fight had occurred earlier during the day of the incident and defendant had interposed himself to stop the activities of violence. However, that evening defendant and his companion encountered the deceased and his friends. Defendant gave a gun to his companion to hold "at bay" deceased and some of his friends while he engaged in a fist fight with one of them. During this time, defendant's companion and deceased exchanged words which led to the killing of deceased. Defendant and his witnesses presented an alibi defense.

OPINION

Defendant initially contends that his jury waiver was not made knowingly and intentionally because the State did not reveal prior to trial that one of its witnesses had a prior criminal conviction. He posits that he would not have waived the jury had this "exculpatory" evidence been known.

■■ Supreme Court Rule 412(a)(vi) (73 Ill. 2d R. 412(a)(vi)) provides that upon written motion of defense counsel, the State is required to disclose "any record of prior criminal convictions, which may be used for impeachment, of persons whom the State intends to call as witnesses at the hearing or trial." However, noncompliance with discovery requirements does not require reversal absent a showing of prejudice. (*People v. Greer* (1980), 79 Ill. 2d 103, 120, 402 N.E.2d 203.) Further, defendant's attempt to raise a claim of prejudice must be founded on more than "mere conjecture." *People v. Lewis* (1975), 60 Ill. 2d 152, 330 N.E.2d 857; *People v. Buckhana* (1981), 99 Ill. App. 3d 889, 425 N.E.2d 1297.

The State's failure to discover and provide information on Haynes prior to trial reflects a lack of due diligence and constitutes a violation of Rule 412(a)(vi). However, we are not convinced that defendant was prejudiced by this nondisclosure which would make his jury waiver void. This is not a situation where the State failed to disclose potentially ex-

culpatory evidence, despite defendant's assertion. (See, *e.g.*, *People v. Nichols* (1976), 63 Ill. 2d 443, 349 N.E.2d 40.) And we do not believe that this situation is analogous to the withholding of inculpatory evidence. See *People v. Norris* (1978), 62 Ill. App. 3d 228, 379 N.E.2d 80, where we found that the defendant was prejudiced when the prosecution was allowed to add two eyewitnesses to its witness list, after defendant had waived a jury in the belief that there were no eyewitnesses to the incident. ■■ In this instance, Haynes was only one of several State witnesses who were at the scene of the incident and who testified at trial. Haynes' record was admitted into evidence and was considered by the court in assessing his credibility as a witness. Even after the requested evidence was produced during trial, defense counsel made no objection or motion and the trial went on to its conclusion. Further, at the hearing on defendant's motion for a new trial, it appears that defendant waived the jury, despite counsel's advice, because he did not feel favorable towards the first panel of jurors, not because he felt the State's witnesses were unimpeachable. The evidence at trial overwhelmingly sustains defendant's conviction. Defendant asks us to speculate that Haynes' prior criminal record would have affected his decision to waive the jury, and we believe this contention is too nebulous to constitute reversible error.

Defendant next posits that the trial court erroneously excluded relevant expert testimony that the effect of an impeachable conviction in discrediting a witness at trial is greater before a jury than before a judge. In denying the motion for a new trial, the court held that it was speculation that jurors would respond differently than judges to evidence of a witness' prior conviction.

The evidence demonstrates that Haynes was only one of several witnesses testifying against defendant. As such, Haynes' prior criminal record could have little or no impact at all on defendant's decision to waive a jury and his subsequent conviction. Moreover, the trial judge indicated that he would consider the impeachment of a witness in a bench trial and would also instruct a jury to consider it as well. Even defendant's two attorneys could not agree on the effect a prior conviction would have on a jury as opposed to a judge. Thus, the record does not persuade us to believe that a jury would have reached a different result based on Haynes' record. ■■■ Further, in order to warrant a new trial based on new evidence, defendant has the burden of rebutting the presumption that the verdict is correct and to show that there has been no lack of diligence (*People v. Miller* (1980), 79 Ill. 2d 454, 404 N.E.2d 199), and be of such a conclusive character that it will probably change the result on retrial. (*People v. Thompson* (1980), 91 Ill. App. 3d 1111, 415 N.E.2d 648.) We are not convinced that "expert testimony" in this instance would have conclu-

sively changed the result, and the trial court properly excluded such that it would be of little probative value to the trier of fact. See *United States v. Watson* (7th Cir. 1978), 587 F.2d 365.

Thirdly, defendant argues that the evidence was insufficient to sustain his conviction for murder under the accountability theory. He argues that the evidence at best demonstrates that he intended to have a fist fight with members of the deceased's group and that the shooter was to hold the others "at bay."

■■ We note that a reviewing court may not substitute its judgment for that of the trier of fact on questions involving the weight of the evidence or the credibility of the witnesses and we will not reverse a criminal conviction unless the evidence is so improbable as to raise a reasonable doubt of guilt. *People v. Manion* (1977), 67 Ill. 2d 564, 578, 367 N.E.2d 1313, *cert. denied* (1978), 435 U.S. 937, 55 L. Ed. 2d 533, 98 S. Ct. 1513.

■■ According to witnesses, defendant armed his companion and ordered him to watch the others while he and a member of the victim's group engaged in a fist fight. Defendant's companion and the deceased engaged in a dispute which led to the deceased's death. Witnesses also indicated that after the victim was shot, defendant produced a gun and began shooting him. Whether the deceased died by defendant's gun or defendant's companion's gun, defendant had armed his accomplice and is accountable for his actions. It is well settled that " "* * * mere presence or negative acquiescence is not enough to constitute a person a principal[; however,]] one may aid and abet without actively participating in the overt act and if the proof shows that a person was present at the commission of the crime without disapproving or opposing it, it is competent for the trier of fact to consider this conduct in connection with other circumstances and thereby reach a conclusion that such person assented to the commission of the crime, lent to it his countenance and approval and was thereby aiding and abetting the crime. * * *' " (*People v. Kessler* (1974), 57 Ill. 2d 493, 498, 315 N.E.2d 29, *cert. denied* (1974), 419 U.S. 1054, 42 L. Ed. 2d 650, 95 S. Ct. 635.) The result of defendant's actions in this instance led to the dispute which gave rise to the murder of LaVern Tucker. Defendant was legally accountable for the conduct of his companion in connection therewith.

Defendant also maintains that the court erroneously excluded evidence of the reputation of the deceased and his friends for violence. Defendant attempted to offer evidence that deceased and his friends had a propensity for violence and had the reputation of "an enforcement gang in the community." The court excluded this evidence on the basis that such evidence could only be admitted in a self-defense case where a foundation has been laid. See *People v. Adams* (1962), 25 Ill. 2d 568, 572, 185 N.E.2d 676.

■■ It is clear from the record that defendant failed to lay any foundation for the reputation evidence as to the victim being the aggressor. Defendant testified that he was not at the scene of the shooting as he had been at his girlfriend's house. The evidence disclosed that there had been an earlier altercation with some members of the deceased's group; however, the incident which resulted in the shooting of the deceased occurred a number of hours later. Testimony at trial also revealed that defendant initiated the confrontation that led to the murder. As a result, the issue of self-defense was never properly raised and thus is irrelevant in this situation. *People v. Allen* (1972), 50 Ill. 2d 280, 278 N.E.2d 762; *People v. Graves* (1978), 61 Ill. App. 3d 732, 740, 378 N.E.2d 293; see also *People v. March* (1981), 95 Ill. App. 3d 46, 419 N.E.2d 1212.

■■ Finally, defendant asserts that the trial court erred in excluding testimony offered to enhance the credibility of defense witness Sheila Burrell which was diminished by her initial reluctance to testify due to threats received by her and her family. This contention is unfounded as Burrell did not testify on defendant's behalf indicating that he was at her home at the time of the shooting. Further, the trial court stated that his decision was based on the credibility of witnesses as they testified in court and that he gave no significance to the reluctance of any witnesses to testify. The court concluded that this reluctance based upon threats was too vague and really proved nothing. As such, Burrell's initial reluctance was irrelevant, and the trial court properly concluded such. The determination of relevancy is in the sound discretion of the court. (*People v. Travis* (1981), 94 Ill. App. 3d 983, 419 N.E.2d 433.) Moreover, Burrell's alibi testimony echoed that of her mother and defendant and was in direct contrast to the testimony of the prosecution witnesses. Thus, we conclude that the trial court did not abuse its discretion in excluding this testimony.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

LORENZ and MEJDA, JJ., concur.